Honorable Joe Resweber Harris County Attorney 1001 Preston Houston, Texas, 77002
Re: Annual audit and reports of Harris County Hospital District Pension Plan under article 6228l, V.T.C.S.
Dear Mr. Resweber:
You have requested an opinion regarding the interpretartion of article 6228l, V.T.C.S., enacted and effective in 1977. The questions you present are:
 1. Should the costs of the actuarial valuation, annual audits, and annual reports of the Harris County Hospital District Pension Plan, provided for by Article 6228l, V.T.C.S., be paid by the Harris County Hospital District or the Harris County Hospital District Pension Trust?
 2. May the first annual audit and report under Article 6228l be for calendar year 1978 or must it be for a period prior to that?
 3. If the first annual audit and report under Article 6228l must be for a period prior to calendar year 1978, for what period should the audit and report be?
 4. What are the minimum requirements which the governing body of the Harris County Hospital District Pension Trust must meet to comply with the requirement that they `publish' an annual report?
The relevant portions of article 6228l are:
Sec. 1. [defines a public retirement system]
 Sec. 2. The governing body of a public retirement system shall employ an actuary, . . . to make a valuation of the assets and liabilities of the system. . . . The first valuation shall be done within a one-year period beginning January 1, 1978, and subsequent valuations shall be done not less frequently than once every three years. . . .
 Sec. 3. The governing body of a public retirement system shall have the accounts of the system audited at least annually by a certified public accountant.
 Sec. 4. The governing body of a public retirement system shall publish an annual report showing the financial condition of the system as of the last day of the 12-month period covered in the report. . . .
Article 6228l requires the governing body of the retirement system to employ an actuary, to have the system audited, and to publish an annual report. The Harris County Hospital District Pension Plan is a retirement system established by the Board of Managers of the Hospital District pursuant to article 4494n, section 5a, V.T.C.S. The plan provides in section 9.6 that `[a]ll expenses incident to the administration, termination or protection of the Plan and Trust, including, but not limited to, actuarial, . . . [and] accounting . . . fees, shall be paid by the District or, if not paid by the District, shall be paid by the Trustee from the Trust Fund. . . .' The plan is consistent with the obligation imposed on the district by article 6228l, and, therefore, we believe that the district should pay the costs mentioned in your first question.
You next ask about the annual audit required by section 3 of article 6228l. We construe this section to require that as of August 29, 1977, the effective date of the act, an audit must be made at least every twelve months. An audit must be conducted within twelve months of the effective date and cover those months of 1977 during which the Act was effective.
The district's Board of Managers must publish an annual report showing the financial condition of the retirement system for a twelve month period. V.T.C.S. art. 6228l, § 4. We believe that the minimum requirement of this provision is that the report be printed and made available to the public. See Texas Open Records Act, V.T.C.S. art. 6252-17a.
 SUMMARY
The Hospital District should bear the cost of valuations, audits, and reports. An annual report is required at least every twelve months and must be printed and made available to the public.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee